1  **MARTIN D. SINGER (State Bar No. 78166)**
   mdsinger@lavelysinger.com
2  **ANDREW B. BRETTLER (State Bar No. 262928)**
   abrettler@lavelysinger.com
3  **LAVELY & SINGER**
   **PROFESSIONAL CORPORATION**
4  2049 Century Park East, Suite 2400
5  Los Angeles, California  90067-2906
   Telephone:  (310) 556-3501
6  Facsimile:  (310) 556-3615

7  Attorneys for Plaintiff RODEO REALTY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RODEO REALTY, INC. a California corporation, | Case No.: 2:17-CV-00018 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1125 (A));** |
| JEANPIERRE RADTKE d/b/a PARAMOUNT PROPERTIES, an individual, and PARAMOUNT HOLDINGS CORP. d/b/a PARAMOUNT PROPERTIES, a California corporation, | 2. **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A));** |
| | 3. **STATE TRADEMARK INFRINGEMENT (CAL. BUS. & PRO. CODE § 14245); AND** |
| Defendants. | 4. **CANCELLATION OF U.S. TRADEMARK REG. NO. 4,402,399** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff RODEO REALTY, INC. ("Plaintiff" or "Rodeo Realty"), by and through its undersigned counsel, for its complaint against Defendants JEANPIERRE RADTKE d/b/a PARAMOUNT PROPERTIES and PARAMOUNT HOLDINGS CORP. d/b/a PARAMOUNT PROPERTIES (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for federal trademark infringement and false designation of origin in violation of 15 U.S.C. § 1125(a); state trademark infringement in violation of California Business & Professions Code § 14245; cancellation of U.S. Trademark Reg. No. 4,402,399; and to enjoin Defendants' future infringement.

2. As alleged below, this action arises out of Defendants' adoption and use of an infringing trademark. Defendants' actions have caused significant damage to Rodeo Realty, and Rodeo Realty is entitled to a permanent injunction, damages and other relief as requested herein.

## THE PARTIES

3. Rodeo Realty is a corporation duly organized and existing under the laws of the State of California with its principal place of business at 9171 Wilshire Boulevard, Suite 321, Beverly Hills, California 90210, in the County of Los Angeles.

4. Rodeo Realty is informed and believes and based thereon alleges that Defendant Paramount Holdings Corp. d/b/a Paramount Properties ("PHC") is a corporation organized and existing under the laws of the State of California with its principal place of business at 5655 Lindero Canyon Road, Suite 626, Westlake Village, California 91362, in the County of Los Angeles.

5. Rodeo Realty is informed and believes and based thereon alleges that Defendant Jeanpierre Radtke ("Radtke") is an individual residing in the State of California, in the County of Los Angeles. Upon information and belief, Defendant Radtke is the principal of PHC and has personally authorized, directed and endorsed the actions alleged in this Complaint.

## JURISDICTION

6.  Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and § 1338(a) (actions arising under an Act of Congress relating to trademarks).

7.  This Court has personal jurisdiction over Defendants because Defendants, and each of them, have conducted and, upon information and belief, continue to conduct, business in California and in this judicial district. Upon information and belief, Defendants have transacted and continue to transact business in the United States and in this judicial district by using or causing to be used the term and/or mark "PARAMOUNT PROPERTIES" in connection with the advertising, marketing, promotion and rendition of real estate brokerage services in this judicial district, thereby infringing Rodeo Realty's trademark, and Defendants will continue to do so unless enjoined by this Court.

8.  This Court has supplemental jurisdiction over Rodeo Realty's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Rodeo Realty's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

9.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events giving rise to Rodeo Realty's claims occurred herein.

## FACTS COMMON TO ALL CLAIMS

**A.  Rodeo Realty's Well-Recognized "PARAMOUNT PROPERTIES" Trademark.**

10.  Rodeo Realty is one of the leading and largest independent real estate brokerage companies in California and the United States and is well known for catering to the high-end luxury real estate market. Indeed, Rodeo Realty's celebrity

and other multi-million dollar listings are regularly featured in the *Los Angeles Times*, *E! News*, *Open House LA* and other media outlets.

11. In addition to high-end real estate, Rodeo Realty also buys and sells more affordable properties through its "Paramount Properties" division.

12. Rodeo Realty has used the word mark "Paramount Properties" and the following design mark (collectively, the "PARAMOUNT MARK") since at least February 1987:



13. On or around April 1, 1991, Rodeo Realty (originally named Paramount, Inc.) registered the PARAMOUNT MARK with the California Secretary of State for use in connection with real estate brokerage services (California Service Mark Reg. No. 38284). The registration has repeatedly been renewed and is in full force and effect. A true and correct copy of the foregoing registration and renewal is attached hereto as **Exhibit "A."**

14. For decades, the PARAMOUNT MARK has been continuously and openly used in commerce by Rodeo Realty, its predecessors and its affiliates and there has been, and continues to be, widespread marketing efforts to promote the PARAMOUNT MARK.

15. Due to Rodeo Realty's longstanding use and marketing efforts of the PARAMOUNT MARK, the PARAMOUNT MARK has developed significant secondary meaning and has considerable good will and brand recognition.

**B.  Defendants' Wrongful Use and Unlawful Registration of Rodeo Realty's "Paramount Properties" Mark.**

16.  In 2012, and long after Rodeo Realty's adoption and first use of the PARAMOUNT MARK, Rodeo Realty discovered that Defendants adopted and began using the identical trademark (i.e., "Paramount Properties") in connection with real estate brokerage services (hereinafter, the "Infringing Mark").

17.  On February 22, 2012, Rodeo Realty's attorneys sent Defendant Radtke a letter demanding that he immediately cease using the Infringing Mark.

18.  After sending the cease and desist letter, Rodeo Realty is informed and believes that Radtke and his company, PHC, ceased all use of the Infringing Mark.

19.  In fact, on March 20, 2012, Radtke filed a Voluntary Petition for bankruptcy in the Central District of California confirming that he was not using the Infringing Mark by declaring under the penalty of perjury that he did not own any "patents, copyrights, [or] other intellectual property" and that his only source of income between 2010 and 2012 was from Augusta Financial—not from rendering real estate brokerage services under the Infringing Mark.

20.  In or around mid-2015, however, Rodeo Realty discovered that Radtke, individually and through his company PHC, started to use the Infringing Mark once again and, to its surprise, also discovered that Radtke had gone as far as applied for and received U.S. Trademark Reg. No. 4,402,399 for the Infringing Mark from the U.S. Patent and Trademark Office on September 17, 2013 (the "Purported '399 Mark").

21.  In light of the above, on August 25, 2015, Rodeo Realty filed a Petition for Cancellation with the Trademark Trial and Appeal Board seeking to cancel the Purported '399 Mark on the grounds that (1) Radtke does not own (and has never owned) the rights to the PARAMOUNT MARK because Rodeo Realty is the true owner, and (2) there is a likelihood of confusion between the Infringing Mark (i.e., the

Purported '399 Mark) and the PARAMOUNT MARK (the "Cancellation Proceeding").

22. Notwithstanding Rodeo Realty's initiation of the Cancellation Proceeding, Defendants continue to market, advertise, promote and render real estate brokerage services under the Infringing Mark.

23. Rodeo Realty never authorized Defendants to use the Infringing Mark. Defendants have acted with willful and intentional disregard of Rodeo Realty's trademarks and Rodeo Realty has sustained substantial damage as a result thereof.

## FIRST CLAIM FOR RELIEF

**(*Federal Trademark Infringement Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)*)**

24. Rodeo Realty incorporates by reference each and every allegation contained in Paragraphs 1 through 23, inclusive, of this Complaint as if fully set forth herein.

25. Rodeo Realty is the exclusive owner of all rights, title and interest in and to the PARAMOUNT MARK, which is distinctive, has continuously and extensively been used throughout California and the United States, and is well known to the trade and members of the public. The public generally associates and identifies the PARAMOUNT MARK with Rodeo Realty.

26. Defendants have used and continue to use in commerce the Infringing Mark in connection with the advertising, sale, and provision of real estate brokerage services in such a manner as to create a likelihood of confusion among prospective customers and/or clients and to unfairly compete with Rodeo Realty.

27. The aforesaid conduct of Defendants is without the consent or permission of Rodeo Realty.

28. As a result of Defendants' acts, Rodeo Realty has suffered and continues to suffer monetary damages in an amount which cannot be accurately computed at this time, but will be proven at trial.

29. Rodeo Realty is entitled to injunctive relief because the conduct of Defendants has caused and will continue to cause Rodeo Realty irreparable harm for which there is no adequate remedy at law.

30. This case qualifies as an "exceptional case," within the meaning of 15 U.S.C. § 1117(a), in that Defendants' acts were malicious, fraudulent, deliberate, willful and taken in bad faith with full knowledge and in conscious disregard of Rodeo Realty's rights.

31. Rodeo Realty is entitled to recover treble damages under the Lanham Act.

32. Rodeo Realty is entitled to the disgorgement of Defendants' profits under the Lanham Act.

33. Rodeo Realty is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

*(False Designation of Origin under Section 43(a) of the Lanham Act,*
*15 U.S.C. § 1125(a))*

34. Rodeo Realty incorporates by reference each and every allegation contained in Paragraphs 1 through 23 and 25 through 33, inclusive, of this Complaint as if fully set forth herein.

35. Rodeo Realty is the exclusive owner of all rights, title and interest in and to the PARAMOUNT MARK, which is distinctive, has continuously and extensively been used throughout California and the United States, and is well known to the trade and members of the public. The public generally associates and identifies the PARAMOUNT MARK with Rodeo Realty.

36. Without Rodeo Realty's authorization, Defendants have used the Infringing Mark to advertise and render real estate brokerage services.

37. Defendants' advertisement and rendition of real estate services under the Infringing Mark constitutes false designation of origin or sponsorship of said services

and tends falsely to represent that said service originate from Rodeo Realty or has been sponsored, approved, or licensed by Rodeo Realty or is in some way affiliated or connected with Rodeo Realty. Such conduct of Defendants is likely to confuse, mislead, and deceive Defendants' customers, clients, and members of the public as to the origin of said Infringing Mark or cause said persons to believe that Defendants' services and/or Defendants have been sponsored, approved, authorized, or licensed by Rodeo Realty or are in some way affiliated or connected with Rodeo Realty, all in violation of 15 U.S.C. § 1125(a).

38. Defendants' actions were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

39. Rodeo Realty has no adequate remedy at law. Rodeo Realty is entitled to injunctive relief because the conduct of Defendants described above, has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Rodeo Realty in its trademarks, and to the businesses, reputation, and goodwill of Rodeo Realty.

40. Rodeo Realty has been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

41. Rodeo Realty is entitled to recover treble damages under the Lanham Act.

42. Rodeo Realty is entitled to the disgorgement of Defendants' profits under the Lanham Act.

43. Rodeo Realty is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (*State Trademark Infringement, Cal. Bus. & Prof. Code § 14245*)

44.  Rodeo Realty incorporates by reference each and every allegation contained in Paragraphs 1 through 23, 25 through 33, and 35 through 43, inclusive, of this Complaint as if fully set forth herein.

45.  Rodeo Realty is the exclusive owner of all rights, title, and interest in and to the distinctive PARAMOUNT MARK by virtue of its extensive use, advertisement, promotion, and rendition of real estate brokerage services throughout California and the United States.

46.  Upon information and belief, Defendants intentionally appropriated the PARAMOUNT MARK and used the Infringing Mark with the intent of causing confusion, mistake, and deception as to the source of their services and with the intent to palm off their services as those of Rodeo Realty.  Such unauthorized use by Defendants of the Infringing Mark constitutes trademark infringement and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the services and to cause clients, customers and purchasers to believe such services are services rendered by Rodeo Realty, when, in fact, they are not.

47.  By such actions in infringing the PARAMOUNT MARK, Defendants are improperly trading upon the reputation and goodwill of Rodeo Realty and are impairing Rodeo Realty's valuable rights in and to such trademarks.

48.  As set forth above, upon information and belief, the activities of Defendants complained of herein constitute willful and intentional acts of infringement of the PARAMOUNT MARK.

49.  Rodeo Realty has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined pursuant to California Business and Professions Code section 14250(a), will continue to cause irreparable damage to the rights of Rodeo Realty in its trademarks and to the businesses, reputation, and goodwill of Rodeo Realty.

50. Rodeo Realty is also entitled to recover damages pursuant to California Business and Professions Code section 14250(a).

## FOURTH CLAIM FOR RELIEF

### (*Cancellation of U.S. Trademark Reg. No. 4,402,399*)

51. Rodeo Realty incorporates by reference each and every allegation contained in Paragraphs 1 through 23, 25 through 33, 35 through 43, and 45 through 50, inclusive, of this Complaint as if fully set forth herein.

52. Radtke's U.S. Trademark Reg. No. 4,402,399 (i.e., the Purported '399 Mark) was issued on September 17, 2013 and is therefore not entitled to a claim of incontestability.

53. Rodeo Realty has priority of use for the PARAMOUNT MARK that predates the use of Defendants' claimed first use of the Purported '399 Mark.

54. Radtke's registration of the Purported '399 Mark for real estate brokerage services is likely to cause confusion, or to cause mistake or to deceive as to source with Rodeo Realty's PARAMOUNT MARK for real estate brokerage services in view of the similarity of the respective marks and the related nature of the services of the respective parties.

55. Rodeo Realty believes it is and will be damaged by Defendants' continued use and registration of the Purported '399 Mark.

56. This Court, pursuant to its authority under 15 U.S.C. § 1119 to order cancellation of trademark registrations and otherwise rectify the U.S. trademark register with respect to the registration of any party to an action before it, should order cancellation of U.S. Trademark Reg. No. 4,402,399.

## PRAYER FOR RELIEF

WHEREFORE, Rodeo Realty demands judgment against the Defendants, and each of them, as follows:

1. That Defendants, and each of them, and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or

corporations in active concert or participation with said Defendants, be immediately and permanently enjoined from:

    a. advertising, marketing, promoting, and/or rendering any real estate brokerage services using the Infringing Mark;

    b. directly or indirectly infringing and/or contributing to the infringement of the PARAMOUNT MARK in any manner, and specifically:

        i. advertising, marketing, promoting and/or rendering any real estate or real estate-related services which copy, duplicate, reproduce or utilize the likenesses of or which copy or bear a substantial similarity to the PARAMOUNT MARK; or

        ii. creating and distributing any promotional materials which picture, reproduce, or utilize the likenesses of, or which bear substantial similarity to the PARAMOUNT MARK; or

        iii. engaging in any conduct and/or contributing to any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive any purchasers, Defendants' clients or customers, and/or members of the public to believe that the actions of Defendants, the services rendered by Defendants, or Defendants themselves, are connected with Rodeo Realty, are sponsored, approved, or licensed by Rodeo Realty, or are in some way connected or affiliated with Rodeo Realty;

        iv. affixing, applying, annexing and using in connection with the advertisement, marketing, promotion, and/or rendition of real estate services, a false description or representation, including words or other symbols, tending to falsely describe or represent such services as being those of Rodeo Realty;

    v. otherwise competing unfairly with Rodeo Realty in any manner.

2. That the Court enter judgment that U.S. Trademark Reg. No. 4,402,399 be cancelled;

3. That Defendants, and each of them, account for and pay over to Rodeo Realty all damages sustained by Rodeo Realty and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

4. That this is an exceptional case pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of Defendants' acts of trademark infringement and false designation of origin, and

5. That Rodeo Realty recover reasonable attorneys' fees in accordance with 15 U.S.C. § 1117;

6. That Rodeo Realty recover damages pursuant to California Business and Professions Code section 14250(a);

7. Prejudgment and post-judgment interest; and

8. That the Court grant Rodeo Realty such other and further relief as it deems just and equitable to make Rodeo Realty whole for the damage caused by Defendants.

Dated: January 3, 2017    LAVELY & SINGER
              PROFESSIONAL CORPORATION

              By: /s/  Andrew B. Brettler
                 ANDREW B. BRETTLER
                 MARTIN D. SINGER

              Attorneys for Plaintiff
              RODEO REALTY, INC.

## JURY DEMAND

Plaintiff Rodeo Realty, Inc. respectfully requests a jury trial on all issues triable set forth in this Complaint.

Dated: January 3, 2017

LAVELY & SINGER
PROFESSIONAL CORPORATION

By: /s/     Andrew B. Brettler
    ANDREW B. BRETTLER
    MARTIN D. SINGER

Attorneys for Plaintiff
RODEO REALTY, INC.